UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

MITCHELL LEWIS BUTLER )
)
v. ) NO. 2:07-cv-201
)
ROGER CHRISTIAN, HAWKINS CO. )
SHERIFF OFFICE, JAIL, BRAD )
WILMOTH, ALL JAIL STAFF, and )
NURSE EFFIE MOORE )

MEMORANDUM OPINION

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in the Hawkins County Jail, claims that he is being housed under unconstitutional conditions therein and seeks an immediate release from confinement, as well as injunctive and monetary relief. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since plaintiff is a prisoner, *see* 28 U.S.C. § 1915(h), he is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit to the Clerk of Court an initial partial payment, followed by

The complaint now must be screened and must be dismissed if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from damages. *See* 28 U.S.C. § 1915(e)(2)and § 1915A.

The complaint contains a long litany of grievances concerning the alleged conditions and treatment of prisoners in the in the Hawkins County jail. Plaintiff contends that:

(1) legal mail is being opened outside of the presence of inmates;

(2) inmates are forced to live in an overcrowded jail, the maximum capacity of which is sixty inmates, but which now houses ninety prisoners;

(3) inmates are forced to sleep on the floor in unsanitary conditions and are not provided bleach to use in showers, even though athlete's feet is widespread;

(4) the jail has no sprinkler system and this presents a fire hazard, which is worsened when weekenders are added to the already overflowing jail population;

(5) there is no grievance board to hear complaints and, if there were, grievance forms are disposed of;

---

installment payments, until the full amount of the filing fee has been paid. However, as indicated on plaintiff's application, the Hawkins County jail does not maintain prisoner trust accounts; therefore, plaintiff has no such an account from which to draw payments to satisfy the filing fee. Nevertheless, the fee has been assessed, and this constitutes a financial obligation on the part of plaintiff.

(6) inmates have no access to a law library, which, in any event, contains outdated books;

(7) inmates have no reading material, newspapers, books, religious materials, or legal paper;

(8) inmates are forced to live with other inmates who have mental disorders;

(9) inmates are forced to go by different rules with each shift change;

(10) inmates have no opportunity for self-improvement, due to the lack of programs, such as church services, AA, NA, ABE or GED;

(11) inmates have no counselors, psychologists, or psychiatrists;

(12) inmates are denied medical care because a nurse, who they feel is unqualified, expects them to recover from all illnesses on the miracle drug, Tylenol;

(13) inmates are denied requests to see a doctor or dentist by a nurse who says that all problems are pre-existing and that she has no responsibility to treat; and

(14) inmates have no incentive to work, to clean up, or to assist fellow inmates who are disabled.

There are several problems with these allegations. First of all, the general claims presented by the plaintiff relate to the rights of third persons, i.e., other

inmates. Plaintiff, however, cannot base his claim to relief on the legal rights or interests of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A generalized grievance against governmental conduct is insufficient to confer standing upon a party who wishes to enter a federal court. *Id.* at 518. Plaintiff, therefore, lacks standing to raise claims on behalf of the other prisoners.

Plaintiff's individual claims are fatally flawed as well. This is so because the allegations contain no information as to when the unconstitutional conduct/deprivation occurred. In addition, most of the allegations are not connected with any specific defendant and none are tied explicitly to plaintiff. Furthermore, plaintiff does not show how the conduct or event violates his rights. Finally, in most instances, he does not show how, or even if, he has been harmed by the alleged wrongful conduct/condition. Thus, the allegations are vague and conclusory; a court need not conjure up facts not pled to support them, *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988); and conclusory allegations, such as these, do not suffice to state a § 1983 claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

For the foregoing reasons, the Court finds that the assertions in the complaint fail to state a claim entitling plaintiff to relief under 42 U.S.C. § 1983. Fed. R. Civ. P. 12(b)(6). A separate order will enter dismissing this case.

ENTER:

                              <u>s/J. RONNIE GREER</u>
                        UNITED STATES DISTRICT JUDGE